**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **DIANA McCLANAHAN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 16-44** |
| **v.** | * | |
| | * | |
| | * | |
| **CAROLYN W. COLVIN,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |
| | ************ | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S**
**ALTERNATIVE MOTION FOR REMAND**

Plaintiff Diana McClanahan seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 17).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 16) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## <u>Background</u>

Plaintiff was born in 1961, has a high-school education, and previously worked as a mail clerk and certified nursing assistant.  R. at 17, 181, 190.  Plaintiff protectively filed applications for DIB and SSI on June 29, 2012, alleging disability beginning on January 1, 2010, due to bipolar disorder and osteoarthritis.  R. at 131-54, 190, 199.  The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. at 54-112, 115-16.  On July 8, 2014, ALJ Alfred J. Costanzo held a hearing at which Plaintiff and a vocational expert ("VE") testified.  R. at 24-53. At the hearing, Plaintiff amended her alleged onset date of disability to November 25, 2011.  R. at 27.  On August 14, 2014, the ALJ issued a decision finding Plaintiff not disabled from the amended alleged onset date of disability of November 25, 2011, through the date of the decision. R. at 7-23.  Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on November 5, 2015.  R. at 1-6.  The ALJ's decision thus became the final decision of the Commissioner.  *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On January 7, 2016, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

### A.      State Agency Medical Consultants

On October 17, 2012, a state agency consultant, Maurice Prout, Ph.D., using the psychiatric review technique ("PRT") under 20 C.F.R. §§ 404.1520a and 416.920a, evaluated Plaintiff's mental impairments under Listing 12.04 relating to affective disorders (R. at 58-59, 68-69).  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04.  Dr. Prout opined that, under paragraph B of the applicable listing, Plaintiff's mental impairments caused her to experience (1) mild restriction in activities of daily living; (2) moderate difficulties in maintaining social functioning; (3) mild difficulties in maintaining concentration, persistence, or pace; and (4) one or two repeated episodes of decompensation of extended duration.  R. at 58, 68.  Dr. Prout did not find evidence to establish the presence of the criteria under paragraph C of the applicable listing.  R. at 58, 68.  Dr. Prout thus assessed Plaintiff's mental residual functional capacity ("RFC") (R. at 61-62, 71-72) and opined that she was moderately limited in her ability to (1) interact appropriately with the general public; (2) accept instructions and to respond appropriately to criticism from supervisors; and to (3) get along with co-workers or peers without distracting them or exhibiting behavioral extremes.  Plaintiff otherwise was not significantly limited.  R. at 61-62, 71-72.

On November 5, 2012, a state agency medical consultant, A. Serpick, M.D., assessed Plaintiff's physical RFC.  R. at 59-61, 69-71.  Dr. Serpick opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling.  R. at 60, 70.  Plaintiff occasionally

could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds).  R. at 60, 70.  She had no manipulative, visual, communicative, or environmental limitations.  R. at 60-61, 70-71.

On April 8, 2013, another state agency consultant, E. Nakhuda, M.D., again assessed Plaintiff's physical RFC.  R. at 82-84, 94-96.  Dr. Nakhuda opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling.  R. at 83, 95.  Dr. Nakhuda also opined that Plaintiff occasionally could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds).  R. at 83, 95.  Plaintiff had no manipulative, visual, communicative, or environmental limitations.  R. at 83-84, 95-96.

On April 9, 2013, another state agency consultant, E. Lessans, Ph.D., again used the PRT to evaluate Plaintiff's mental impairments under Listing 12.04.  R. at 80-81, 92-93.  Dr. Lessans opined that, under paragraph B of the applicable listing, Plaintiff's mental impairments caused her to experience (1) mild restriction in activities of daily living; (2) moderate difficulties in maintaining social functioning; (3) moderate difficulties in maintaining concentration, persistence, or pace; and (4) one or two episodes of decompensation of extended duration.  R. at 81, 93.  Dr. Lessans did not find evidence to establish the presence of the criteria under paragraph C of the applicable listing.  R. at 81, 93.  Dr. Lessans thus assessed Plaintiff's mental RFC (R. at 84-85, 96-97) and opined that she was moderately limited in her ability to (1) maintain attention and concentration for extended periods; (2) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (3) interact

appropriately with the general public; (4) accept instructions and to respond appropriately to criticism from supervisors; and to (5) get along with co-workers or peers without distracting them or exhibiting behavioral extremes.  Plaintiff otherwise was not significantly limited.  R. at 84-85, 96-97.

## B.    Plaintiff's Testimony

The ALJ summarized Plaintiff's testimony in his decision:

> [Plaintiff] alleges that she is unable to work, due to her physical and mental impairments.  [Plaintiff] testified at the hearing that her joints ache and swell, so she spends most of her day in bed.  She explained that her feet swell [every day] and this makes it difficult to walk.  She went on to contend that she is unable to lift even three pounds.  [Plaintiff], moreover, argued that she lacks motivation for self-care.  Thus, she testified that she does not shower or brush her teeth for days at a time.  The testimony also alleges that she has no friends or hobbies, but she gets along well with all of her children.

R. at 15; *see* R. at 28-47.

## C.    VE Testimony

The VE testified that a hypothetical individual with Plaintiff's same age, education, and work experience with the RFC outlined below in Part III could not perform Plaintiff's past work but could perform the unskilled, light jobs of officer helper, clerical checker, or unarmed security guard.[2]  R. at 48-49.  According to the VE, her testimony, with the exception of her testimony regarding the unarmed security guard position, was consistent with the *Dictionary of Occupational Titles*.[3]  R. at 50.  A person with a loss of productivity of over 10% would not be

---

[2] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."  20 C.F.R. §§ 404.1568(a), 416.968(a).  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  *Id.* §§ 404.1567(b), 416.967(b).

[3] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007);

engaging in substantial gainful activity.  R. at 50.  A person absent from work 1.8 days per month would not be able to maintain work.  R. at 51.

## III

## Summary of ALJ's Decision

On August 14, 2014, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the amended alleged onset date of disability of November 25, 2011; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform her past relevant work; but (5) could perform other work in the national economy, such as an office helper, clerical checker, or unarmed guard.  R. at 12-18.  The ALJ thus found that she was not disabled from November 25, 2011, through the date of the decision.  R. at 18.

In so finding, the ALJ found that Plaintiff had moderate difficulties in social functioning. R. at 14.

> She testifies at the hearing that she has good relationships with all of her children. However, she alleges that she has "a lot of tension due to mood swings," which causes problems in getting along with family, friends, neighbors, or others [R. at 207.]  [Plaintiff] explains that she is "unable to be with people."  [R. at 207.]

R. at 14.

The ALJ also found that Plaintiff had moderate difficulties with regard to concentration, persistence, or pace.  R. at 14.  "She reveals on the Function Report that she has difficulties with

---

*see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).   "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

memory and concentration.  [R. at 207.]  [Plaintiff] adds that manic depression affects her ability

to pay attention and she does not handle changes in routine well.  [R. at 207-08.]"  R. at 14.

> The ALJ then found that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she cannot climb ladders, ropes, and scaffolds.  She is unable to crawl and she can perform all other postural movements on an occasional basis.  [Plaintiff] is able to execute frequent, but not constant, handling, fingering, and feeling.  Furthermore, she can work in unskilled positions with an SVP of 1 to 2, with no more than occasional and superficial interaction with the public and coworkers.  She must have a stable work environment with no more than occasional change in the work process from day to day.

R. at 14-15.

## IV

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment that can

be expected to result in death or that has lasted or can be expected to last for a continuous period

of not less than twelve months.   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R.

§§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists . . . in significant numbers either in the

region where such individual lives or in several regions of the country."   42 U.S.C.

§§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social

Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the

regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124

S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made,

the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(b), 416.921(b).  These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.    20 C.F.R.  §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).   RFC is a measurement of the most a claimant can do despite his or her limitations.   *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).    The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."    20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).    The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.   *See id.*   If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.    *Id.*  §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.   *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.    *See Walls*, 296 F.3d at 290;  20 C.F.R.  §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not

disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**V**

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ.  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# VI

## Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).  Pl.'s Mem. Supp. Mot. Summ. J. 3-7, ECF No. 16-1.  Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work.  *Id.* at 5-7.  In particular, she contends that, although the ALJ determined that she had moderate difficulties with regard to concentration, persistence, or pace, the ALJ failed to include any limitation on concentration, persistence, or pace in the RFC assessment.  *Id.*  According to Plaintiff, substantial evidence thus does not support the ALJ's RFC assessment.  *Id.* at 7.  Because inadequacy of the ALJ's analysis frustrates meaningful review, the Court remands this case for further proceedings.

SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC

"assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.  "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."  The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1).  Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace

at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015).

Here, the ALJ's hypothetical question to the VE and the corresponding RFC assessment limiting Plaintiff to "unskilled positions with an SVP of 1 to 2, with no more than occasional and superficial interaction with the public and coworkers" (R. at 14-15; *see* R. at 48) do not account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace. *See Mascio*, 780 F.3d at 638; *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (per curiam) (rejecting contention that "the ALJ accounted for [the claimant's] limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"). *But see Hillard v. Colvin*, Civil Action No. ADC-15-1442, 2016 WL 3042954, at *6 (D. Md. May 26, 2016) ("The ALJ additionally accounted for Plaintiff's limitation in concentration and persistence by restricting him to work 'without frequent interaction with co-workers or the public.'"); *Linares v. Colvin*, No. 5:14-CV-00120, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) ("The ALJ accounted for Plaintiff's limitation in pace by restricting her to 'nonproduction pace,' and he accounted for her limitation in concentration and persistence by restricting her to a stable work environment with only occasional public contact."). The limitation in the ALJ's hypothetical question and RFC assessment to "a stable work environment with no more than occasional change in the work process from day to day" (R. at 15; *see* R. at 48) accounts for Plaintiff's moderate limitation in

concentration, persistence, or pace, however. *See Pearce v. Colvin*, No. 2:15-CV-00032-D, 2016 WL 4574446, at \*4 (E.D.N.C. July 20, 2016), *report and recommendation adopted*, No. 2:15-CV-32-D, 2016 WL 4581329 (E.D.N.C. Sept. 1, 2016). *But see Thomas v. Colvin*, No. 7:15-CV-101-KS, 2016 WL 5408114, at \*3 (E.D.N.C. Sept. 28, 2016); *Hagedorn v. Colvin*, No. 2:12CV85-RLV, 2015 WL 4410288, at \*4 (W.D.N.C. July 20, 2015). Plaintiff's contention that the ALJ failed to account for her moderate limitation in maintaining concentration, persistence, or pace in the RFC assessment and hypothetical question to the VE under *Mascio* thus is unavailing.

The VE testified, however, that an individual with a loss of productivity of over 10% could not engage in substantial gainful activity and be able to work. R. at 50. Although "[i]t is reasonable to assume that [Plaintiff's] moderate limitations translate into a decrease in productivity," *Sterling v. Colvin*, No. 1:13-CV-01132-SEB, 2014 WL 4328682, at \*2 (S.D. Ind. Aug. 29, 2014), the ALJ's decision failed to address this issue and to explain how, despite Plaintiff's moderate difficulties in social functioning and in maintaining concentration, persistence, or pace, she could remain productive for at least 90% of the workday. While "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)), "the ALJ 'must build an accurate and logical bridge from the evidence to his conclusion.'" *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). "If the ALJ believed [Plaintiff's] moderate limitations would not significantly impact her productivity, he needed to articulate why. Without such explanation, his decision is not supported by substantial evidence." *Sterling*, 2014 WL 4328682, at \*3. *But see Wennersten v. Colvin*, No. 12-CV-783-BBC, 2013 WL 4821474, at \*3 (W.D. Wis.

Sept. 10, 2013) ("Although the administrative law judge did not explain why he chose five percent instead of two percent or six percent, that lack of precision is not a reason to reverse the decision.  The important point is that the administrative law judge did not find any evidence to show that plaintiff's ability to stay on task was impaired to the extent that it would keep him from working." (citation omitted)).  Because this inadequacy in the ALJ's analysis frustrates meaningful review, remand under the fourth sentence of 42 U.S.C. § 405(g) is appropriate.  *See Mascio*, 780 F.3d at 636.

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 16) is **GRANTED**.  Defendant's final decision is **REVERSED IN PART** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: November 18, 2016                                         /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge